STAMOULIS & WEINBLATT LLC
Stamatios Stamoulis
  stamoulis@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Gordium Innovations LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GORDIUM INNOVATIONS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN FIBERTEK, INC.,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF GORDIUM INNOVATIONS LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

  This action is brought by Plaintiff Gordium Innovations LLC, a Texas corporation with its principal place of business at 106 Fannin Avenue, Round Rock, TX 78664-5219, and which is the owner of a United States Patent covering networking products providing certain data prioritization features, against Defendant American Fibertek, Inc., a New Jersey Corporation with its principal place of business at 120 Belmont Drive, Somerset, New Jersey 08873-4243, for direct and indirect infringement of that patent.  Gordium, by its attorneys, for its Complaint against Defendant alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

## THE PARTIES

2. Plaintiff Gordium is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, TX 78664-5219.

3. Upon information and belief, Defendant American Fibertek, Inc. is a corporation organized under the laws of the State of New Jersey, with its principal place of business at 120 Belmont Drive, Somerset, New Jersey 08873-4243.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, Defendant regularly conducts business in this judicial district and has committed acts of patent infringement in this judicial district including, *inter alia*, selling and offering to sell infringing products and services in this judicial district.

6. Upon information and belief, Defendant has ongoing and systematic contacts with this judicial district and the United States. In particular, Defendant is incorporated in New Jersey.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,697,385

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On February 24, 2004, U.S. Patent No. 6,697,385, entitled "Circuit(s), Method(s) and Architecture for Configurable Packet Re-timing in Network Repeater Hubs," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '385 Patent is attached as Exhibit A to this Complaint.

10. Gordium is the assignee and owner of the right, title and interest in and to the '385 Patent, including the right to assert all causes of action arising under the '385 Patent and the right to any remedies for its infringement.

11. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '385 Patent by making, using, selling and/or offering for sale in the United States, including in this Judicial District, networking products providing data prioritization features as claimed in one or more claims of the '385 Patent ("the Accused Products and Services"), without the authority of Gordium.

12. The Accused Products and Services include, but are not limited to, the SMH10p-PoE, the SM9p, the SM24pPoE, the CX-6p-PoE, the CXB-6p-PoE, the SM10p-PoE, and SM8p-SFP.

13. Upon information and belief, Defendant had knowledge of the '385 Patent at least as early as the filing of this complaint.

14. Upon information and belief, Defendant has committed and continues to commit acts of contributory infringement of one or more claims of the '385 Patent under 35 U.S.C. § 271(c) by selling, offering to sell, and/or importing products including the Accused Products and Services, knowing at least as of the date of the filing of this complaint or being willfully blind to the fact that these products and services constitute a material part of the invention, were

especially made or especially adapted for use in an infringement of the '385 Patent, and have no substantial non-infringing uses.

15. Upon information and belief, Defendant has induced and continues to induce others to infringe one or more claims of the '385 Patent under § 271(b) by, among other things, and with specific intent, actively and knowingly, at least as of the date of the filing of this complaint, aiding and abetting others to infringe, including, but not limited to, Defendant's customers whose use of the Accused Products and Services constitutes direct infringement of one or more claims of the '385 Patent. In particular, Defendant acted and continues to act with specific intent to make others, such as its customers, infringe by advertising and selling products and providing instruction manuals showing infringing uses of the products and services. On information and belief, Defendant engaged in, and continues to engage in, such actions with specific intent to cause infringement or with willful blindness to the resulting infringement.

16. Because of Defendant's infringing activities, Gordium has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Gordium demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Gordium respectfully requests that this Court enter judgment for Gordium and against Defendant as follows:

A. an adjudication that Defendant has infringed the '385 Patent;

B. an award of damages to be paid by Defendant adequate to compensate Gordium for Defendant's past infringement of the '385 Patent and any continuing or future infringement

through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

  C. an order that Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

  D. a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

  E. an award to Gordium of such further relief at law or in equity as the Court deems just and proper.

Dated: August 11, 2014    STAMOULIS & WEINBLATT LLC

           */s/ Stamatios Stamoulis*
           Stamatios Stamoulis (#SS7949)
            stamoulis@swdelaw.com
           Two Fox Point Centre
           6 Denny Road, Suite 307
           Wilmington, DE 19809
           Telephone: (302) 999-1540

           *Attorneys for Plaintiff*
           *Gordium Innovations LLC*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

      Under Local Civil Rule 11.2, the undersigned counsel for Gordium Innovations LLC hereby certifies that this matter is not the subject of any other action asserted by Gordium Innovations LLC in any other court, or of any pending arbitration or administrative proceeding.

Dated:  August 11, 2014        STAMOULIS & WEINBLATT LLC

                                                */s/ Stamatios Stamoulis*
                                                Stamatios Stamoulis (#SS7949)